# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DEANDRE YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00065-HEA |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Michael Deandre Yates's Application to Proceed in District Court Without Prepaying Fees and Costs. Based on Plaintiff's financial information, the Court grants his application and assesses an initial partial filing fee of $25.23. For the following reasons, the Court issues process on Defendant Clay Stanton in his individual capacity. The Court dismisses Plaintiff's claims brought against Defendants the Missouri Department of Corrections and Northeast Correctional Center.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified copy of his prison account statement for the six-month period from March 8, 2025 to September 8, 2025. A review of Plaintiff's account indicates he had an average monthly deposit of $126.17. The Court will charge an initial partial filing fee of $25.23, which is 20 percent of his average monthly deposit.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at the Northeast Correctional Center (NECC), brings this action alleging officials at the facility were deliberately indifferent to his medical needs. He names as Defendants Clay Stanton (Warden, NECC), NECC, and the Missouri Department of Corrections (MDOC). He does not state whether he sues these Defendants in their individual or official capacities.

Plaintiff suffers from a seizure disorder. On January 2, 2024, Dr. Wudel authorized Plaintiff's medical lay-in, which required Plaintiff to be assigned to a bottom bunk. Plaintiff states that on January 5, 2024, MDOC and NECC, through the authorization of Wardon Clay Stanton, moved him to a top bunk on the top walk. This move was in direct contravention of Plaintiff's medical lay-in.

On January 21, 2024, Plaintiff had a seizure during the night and fell off his top bunk. Inmates or correctional staff placed an urgent call for immediate medical assistance. Plaintiff suffered blunt force trauma to his head, disfigurement of his facial features, and discoloration of his face because of scarring. Medical staff treated his cut with adhesive, but did not treat his scarred jaw or "busted mouth." Now chewing his food is difficult because of his "busted mouth and jaw." Doc. 1 at 7.

As a result of his seizure and fall, Plaintiff states that he has ongoing petit mal seizures in his sleep, PTSD, blurred vision in his left eye, a feeling like he might fall

from his bunk at any time, anxiety, sleeplessness, nightmares, and migraines. For relief, he seeks $1.5 million in damages.

## Discussion

*Defendant Clay Stanton*

Plaintiff alleges Defendant Clay Stanton was deliberately indifferent to his serious medical needs when Stanton placed Plaintiff in a top bunk despite his having a seizure disorder and a lower bunk lay-in. To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Plaintiff's seizure disorder had been diagnosed by a doctor and his treatment at NECC included a lower bunk lay-in. Plaintiff has plausibly alleged Defendant Stanton was deliberately indifferent to this serious medical need when he placed him on a top bunk. As a result, he suffered a fall from the top bunk during a seizure

causing him pain, disfigurement, and mental distress. The Court will order the Clerk of Court to issue service on Defendant Stanton in his individual capacity.

*Defendants MDOC and NECC*

Plaintiff's claim against MDOC and NECC must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, an agency exercising state power is also not a person subject to suit under §1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claims against MDOC and NECC are claims against state agencies. However, as noted above, a state agency is not a "person" for purposes of § 1983. Furthermore, suit against MDOC and NECC is barred by the Eleventh Amendment. Therefore the Court will dismiss Plaintiff's claims brought against Defendants MDOC and NECC for failure to state a claim upon which relief may be granted.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  Doc. [2]

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $25.23 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendant Clay Stanton in his individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants the Missouri Department of Corrections and Northeast Correctional Center are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  [Doc. 3]

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 4th day of February, 2026.

                                                    HENRY EDWARD AUTREY
                                                    UNITED STATES DISTRICT JUDGE

Case: 2:25-cv-00065-HEA   Doc. #:  6   Filed: 02/04/26   Page: 9 of 9 PageID #: 37